IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOMANI JAHI BROADNAX,

    Petitioner,

v.

DAVID O. LIVINGSTON,

    Respondent.

No. C 13-05319 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Bomani Broadnax is currently incarcerated in West County Detention Facility in Contra Costa County, California. Pursuant to 28 U.S.C. 2254, he has filed a petition for a writ of habeas corpus, through his counsel. In his petition for writ of habeas corpus, he has stated valid claims under Section 2254. Thus, respondent is **ORDERED TO ANSWER THE PETITION**.

## STATEMENT

In this habeas action, petitioner was adjudicated a ward of the Court in 2008 and was sentenced to the California Youth Authority. Petitioner's parole was increased by five years based upon Sections 12101(a)(F), 12031(a)(2)(F), and 12025(a)(M) of the California Penal Code. After petitioner was released from the California Youth Authority, he was subsequently re-arrested and charged in Contra Costa County Superior Court under different sections of the California Penal Code, including Sections 182(a)(1)/245, 182(a)(1)/245(b), 2800.4, 186.22(a). Petitioner claims that the pending charges are based on the same facts that were used to increase

United States District Court
For the Northern District of California

1  the duration of his parole in his 2008 juvenile case. Petitioner is currently held in the West
2  County Detention Facility in Richmond, California.
3     The California Superior Court denied petitioner's motion to dismiss on double jeopardy
4  grounds. Petitioner filed a writ of mandate/prohibition at the California Court of Appeal, which
5  was denied, and the California Supreme Court also denied the petition for review.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vazquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. LEGAL CLAIMS.

As grounds for habeas relief, petitioner claims that prosecution for crimes that were previously proven in an action to increase his potential custody time on a prior commitment violates the Double Jeopardy Clause of the Fifth Amendment. Breed v. Jones, 421 U.S. 519 (1975). This claim, when liberally constructed, is sufficient to require a response.

## CONCLUSION

The Clerk **SHALL IMMEDIATELY SERVE** respondent's counsel with a copy of the petition and memorandum of points and authorities, all attachments to it, and this order.

**RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN NINETY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the

petition. The record must be indexed. If petitioner wishes to respond to the answer, he **SHALL FILE A TRAVERSE AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THAT THE ANSWER IS FILED**.

Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: December 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3